IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHANNA NORSWORTHY | § § § | |
| v. | § § | |
| NGUYEN CONSULTING & SERVICES, INC D/B/A WINN CONSULTING & SERVICES, INC | § § § § § § | Case No. 2:12-CV-00406-JRG-RSP |

**ORDER**

Before the Court is Plaintiff's Motion In Limine (Dkt. No. 44) filed on July 8, 2013, which is hereby GRANTED IN PART AND DENIED IN PART. During the July 17 Pretrial Conference, the parties agreed on the record to the granting of the motion with respect to Paragraphs No. 2-6, 8-10, and 12-20, meaning that counsel must obtain leave outside the jury's presence (or at the bench) before addressing the subject of those Paragraphs. With respect to Paragraph No. 7, counsel will be permitted to refer to the lawsuit in whatever terms he feel are justified, but will not be permitted to refer to the economic impact or social cost of such lawsuits.

The motion is DENIED as to Paragraph 11, as the Court finds that those subjects can be part of a proper direct examination of the Defendant.

Paragraph No. 1 seeks to exclude any evidence of the consensual sexual relationship that Plaintiff may have had with her supervisor, Richard Banks, before her employment by Defendant began. Plaintiff relies upon Rules 403 and 412, both of which call upon the Court to balance the probative value of such evidence against the danger of unfair prejudice. Under Rule 412, the burden is on the proponent of the evidence to show that its probative value substantially

- 2 -

outweighs it unfair prejudicial effect.  In this case, evidence showing that Plaintiff had a consensual sexual relationship with her supervisor well before she was hired is essential for any full understanding of conversations between the two on sexual matters after she was hired.  The caselaw cited by Plaintiff does not support the motion.  For example, in *Macklin v. Mendenhall,* 257 F.R.D. 596, 603 (E.D. Cal. March 30, 2009), the Court noted the relevance of the welcomeness or consent to the behavior and only excluded prior sexual behavior if it "did not involve conduct with any of the named defendants."  Accordingly, the motion is DENIED as to Paragraph No. 1.

**SIGNED this 17th day of July, 2013.**

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　ROY S. PAYNE
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE