IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| SHANNA NORSWORTHY § | |
| § | |
| vs. § | |
| § | |
| NGUYEN CONSULTING & § | Case No. 2:12-CV-00406-RSP |
| SERVICES, INC D/B/A WINN § | |
| CONSULTING & SERVICES, INC § | |
| § | |
| § | |

MEMORANDUM RULING ON ATTORNEY'S FEES

Currently before the Court is the Motion for Attorney Fees (Dkt. No. 67) filed by Plaintiff on October 1, 2013. The motion seeks an award of attorney fees in the amount of $52,217.00 and expenses of $1,508.85, based on affidavits detailing 197.9 hours in attorney time at $250 per hour and 45.7 hours of paralegal time at $60 per hour. After a two-day trial, the jury returned a verdict in favor of the Plaintiff but only in the amount of $3,000. The principal question presented is whether the results obtained justify the award sought.

Defendant's opposition does not attack the amount of hours nor the hourly rates claimed. The Court has examined both and finds them to be reasonable. However, the Supreme Court has stated that while even a nominal damages award renders a plaintiff the prevailing party and thus eligible for attorney fees,

> "the degree of the plaintiff's overall success goes to the reasonableness" of a fee award under *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *Garland, supra*, 489 U.S., at 793, 109 S.Ct., at 1494. Indeed, "the most critical factor" in determining the reasonableness of a fee award "is the

> degree of success obtained." *Hensley, supra*, 461 U.S., at 436, 103 S.Ct., at 1941.

*Farrar v. Hobby,* 506 U.S. 103, 114, 112 S.Ct. 566, 574 (1992). The Court went on to make very clear the critical nature of the recovery:

> "Where recovery of private damages is the purpose of ... civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Riverside v. Rivera*, 477 U.S. 561, 585, 106 S.Ct. 2686, 2700, 91 L.Ed.2d 466 (1986) (Powell, J., concurring in judgment).
>
> ...
>
> Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness, see *Hensley*, 461 U.S., at 430, n. 3, 103 S.Ct., at 1937-1938, n. 3, or multiplying "the number of hours reasonably expended ... by a reasonable hourly rate," *id*., at 433, 103 S.Ct., at 1939.

*Id.,* at 115, 112 S.Ct., at 575. In this case, the recovery was only a small fraction of the amount sought, and is dwarfed by the fee request. On the other hand, the Court is mindful of the fact that the jury found for the plaintiff on liability on all three claims asserted, as well as of the persuasive argument that Congress provided for the award of attorney's fees to successful plaintiffs in these cases in order to encourage the vindication of important rights even in cases where the recovery expected might not otherwise attract counsel.

Having reviewed the fee application and supporting documents, and having considered the applicable *Johnson* factors, and taking into account the matters discussed above, the Court finds that $33,000.00 is a reasonable fee, along with the $1,508.85 in expenses. Accordingly,

IT IS ORDERED that Defendants pay attorney's fees and expenses in the amount of $34,508.85 in addition to the damages and costs set forth in the Judgment.

**SIGNED this 19th day of December, 2013.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE